The government overtly pitched its case at trial as a three-legged stool where the inferences that it argued on each scheme depended, expressly depended, on evidence and inferences having to do with the other schemes. It doesn't matter in the end here because there are issues undermining the convictions on each of the schemes that they charged to trial. But even if there weren't reversal on one of them or, for purposes here, a substantial issue on one of them that could lead to reversal necessarily undermines the others. And let me briefly address some of the most obvious issues. Obviously, our time is limited. The most fundamental problem here is quite simply that neither the government nor the district court took the speech or debate clause seriously enough. It was treated as essentially an inconvenience to prosecuting a case about gold bars instead of as a critical structural protection of separation of powers. But these, in fact, are very real speech or debate issues. And let me jump right to the first one, which was the charges having to do with recommending a nominee for the U.S. attorney position in New Jersey. The district court held that that is completely outside of speech or debate protection because the district court said there is no advice or consent role for the Senate until after a formal nomination. Well, doesn't that just follow directly from the Constitution? The Constitution says the president shall nominate and, by and with the consent of the Senate, shall appoint. So the Constitution just textually says the advice and consent role is in relation to the appointment and not the nomination. So, Your Honor, I think that actually there is – the better reading of the text goes the other way. But let me start first with something. How does the text go the other way? Because the advice component of it would essentially be without meaning if you waited until – Well, that's not true. I mean, yeah. I mean, you quote that letter from George Mason in your brief, but George Mason says exactly the opposite thing, right? George Mason says there's something remarkable in the arrangement of the words he shall nominate. This gives the president alone the right of nomination, and he says advice and consent is about the appointment. Advice as to whether an appointment makes sense at all and consent as to whether the particular nominee should be approved. And that's what he says. That's what gives it meaning. So it doesn't seem to me like he – there's a contradiction there. Your Honor, I guess I would say that there is, at best or at worst for us, a very substantial debate about where the text points. But let me mention one thing that I think cuts through it. No, I understand, but I'm telling you I don't see the debate. So what is it about the text that suggests that it points in a different direction? Because after the nomination, what is the meaning of advice? Advice when you have – Well, George Mason thinks that advice is about whether there should be an appointment at all, and consent is about the particular nominee. But, you know, you could also understand it to mean advice about the appointment and an actual vote on it. I mean, that doesn't seem to me that it is rendered meaningfully. So let me say this. I think that one useful thing to look to in understanding that, because George Mason obviously is not himself dispositive, let's look how it's been understood and interpreted. Speech or debate, plenty of cases saying this has to be interpreted functionally and realistically in light of the role of the Senate. Just look – go back to this January, okay, or any time there is a presidential election. So hearings pre-nomination could be the committee members deciding how they will advise and consent upon nomination. Right, and the district court's reasoning here would say that, for instance, January 15th this year, there were hearings on the pre-nomination of Marco Rubio, Pam Bondi, both of them, and the district court's reasoning would say there is no speech or debate protection for that, even though it is very clearly part of – Well, those could be legislative acts because they're committee hearings, but not the advice and consent that takes place after nomination, right? That's possible. I guess I would say that is possible. I think that that would be, first, slicing the bologna too thin, but that I think, first of all, it belies the fact that – We do have this Supreme Court saying there's lots of stuff that legislators do in their legislative role that is pre-action and contacting the executive or contacting agencies that do not count as legislative acts. Right, but I think there's a very important distinction because it's one thing to talk about contacting agencies about whatever it may be when we're not talking about what we have here, which is in connection with an actual constitutionally defined role for the Senate in advice or consent concerning nominations. Yeah, but again, it depends on it being advice or consent, right? Well, at a minimum. The Supreme Court tells us, you know, members of Congress are constantly in touch with the executive branch of the government and with administrative agencies. They may cajole and exhort with respect to the administration of a federal statute, but such conduct, though generally done, is not protected legislative activity. Correct. So if the president has a power of nomination and senators try to influence the way the president exercises that power, that's cajoling, isn't it? Well, Your Honor, first of all, I would say that all of these things are potential arguments. I don't see how any of them can possibly rise to the level of saying that this is an open and shut question. So if I think that this, because there's, I think depending on what to make of that language that Judge Bonacci just cited, we don't have clear authority on the specific question. So if I think that rises to the level of a substantial question, so then I still have to agree with you, I think, that there's a substantial question as to it being a structural error, which we also don't have, right, that in order to conclude that the obstruction charges are also. Oh, no, I don't think that's true because I think and, you know, obviously, first of all, what I'd say is our time is very limited and so I'm not going to be able to identify everything. Our merits brief was filed on Friday and you can obviously refer to that where everything is addressed in more detail. But, no, the obstruction, it's not just a question of a structural error. The obstruction counts here, like the inference that the government urged on the jury was basically that it should be deemed obstruction because the, you know, defense or a lawyer for the senator described the payments one way, but, in fact, they were brops. So their case on obstruction, number one, depended on their being able to prove the bribery parts of their case. It's not just a question of a structural error that automatically knocks things out. They're all just much more interrelated. Why does it depend on being able to prove the bribery counts if the conclusion is that they wrote these checks that were fraudulent to try to retroactively characterize prior payments? Because the conclusion. Regardless of whether the criminal charge could have been improved, right? Because the conclusion that they were fraudulent is based in part on the argument that, no, these were really bribes. And that is interdependent. The other thing is, excuse me, that obviously we didn't have room for this at length here. There is a sufficiency argument on the obstruction counts as well that's in our brief. And I don't want to, I understand I'm well past my time. I don't want to sit down without mentioning the admitted violation here. But let's talk about that for a moment. Because if you say it's a conceded, well, you say it's a conceded speech and debate clause error, I'm not really so sure about that. But just following on what Judge Nathan was saying, I think your argument to us is that in order to get bail pending appeal, you don't need a structural error for the other stuff you're talking about. But here you're suggesting that sending back those exhibits that were the genesis of the chart, that is structural error. Are there cases that have found, first of all, that a speech and debate clause is structural error? And secondly, that sending back an exhibit that you had a chance to look at is structural error? I'm looking, for example, at the Supreme Court's Marcus decision. And it seems to me to suggest that structural error is not every possible constitutional violation, but those that really affect the framework within the trial proceeds. Do you have a broader conception of structural error? Well, yes. With the court's permission, I'll say two things about that. One is that there is an 11th Circuit case that does say, and that's cited in our brief, that does say that this is, it's not subject, it's United States v. Swindle, 971 F. 2nd, 1531. And I think it's footnote 21 in that case. But it says expressly, harmless error analysis will not excuse a violation of speech or debate. The reason it's in the footnote is because what they've set up in that case is something that looks a lot like harmless error analysis, right? Because they say, well, as long as the speech or debate evidence wasn't the basis of imposing liability, it's not even a speech or debate clause violation. And they say this is not exactly harmless error analysis, but it looks a lot like it, right? So even if you're proceeding under the 11th Circuit approach, which you have to follow, you have to show that the government sought to impose liability on the basis of the erroneously admitted evidence. Fair enough, Your Honor, but the examples that they're using are of things as to where not even, I think the way they describe it is that something might not even rise to the level of violation as if you have some speech or debate material that's just completely unrelated to the charges. That's the example that they've got here. Here, that's very much not the case. This is stuff that the government argued and then re-argued to try to get in because it went to the heart of things. Going back to Your Honor's question about the theory of what's structural, it's a little different from the question about affecting the entirety of the trial in a way that you would have when you're focused on the specific defendant and how it affects the specific defendant. What's structural about it here is that it's not focused on the defendant. It's necessary as a protection for separation of powers. It is a constitutionally structural thing, and you are going to undermine the core purpose of the speech or debate clause, which is to enable legislators to do their jobs free from concern that something that they're doing may then come up in court if it's subject to, well, you're not entirely free because maybe it'll go to the jury and then we'll speculate about whether the jury looked at it or not. That undermines the ability of legislators to operate without being chilled, without intimidation. I think that suggests that there would be a chilling, that it would be the basis of liability. But the structural error, I thought you were arguing that any admission of speech or debate evidence that shouldn't have been admitted would require a vacant error in every trial. Well, I am arguing that, and I think it makes sense. Let's say if there is speech or debate evidence that was introduced from 30 years before the allegedly coupled conduct just to show that Senator Menendez was familiar with the subject matter, so it really didn't go to the charges or whatever, but it shouldn't have been put before the jury, would we have to vacate the whole trial and redo it? So I would argue that, number one, yes. Number two, this is far from that. But about the yes, let me say that this gets at the seriousness with which the speech or debate clause has to be taken. There are plenty of statements in the cases, right? It makes it a lot harder for the government to prosecute things that there may be good reasons for them to want to prosecute, but that is part of the cost of having this protection, and the government needs to be a lot more careful than they were here if they are going to proceed into the area of bringing legislative acts into play. Now, to be clear, I'm not necessarily buying the government's waiver argument, but I do think it's a little rich for you to be saying they need to be more careful when your team had the same ability to look at those exhibits before they went back to the jury. So, Your Honor, everything that comes up, I seem to want to say two things, but two things. Two things, yes. One is if you go through the Helstosky Supreme Court case, I mean, where they talk about why regular waiver rules do not apply, I mean, that's something where they went to a grand jury over and over again without objecting to anything. I'm not saying it's waiver. That's my point. All I'm saying is for you to now say government needs to be extra specially careful when one of your key arguments is a thing where you had a hand in it. I don't think that's so factual. I don't think that it's really ultimately fair to portray it that way because we're talking here about it's not even that they put in exhibits that had been excluded in their entirety, right? This is there are lines that were supposed to be redacted that hadn't been redacted. There is a period of three, four hours maybe to review all of this. Anything you point to that says it's understandable why it was missed supports the district court's conclusion that the jury probably didn't even perceive it. So it's worth speaking briefly to the idea that if you could do harmless error analysis, and again, I think that creating a split with the 11th Circuit is not something you can do and say there's no substantial issue, but moving past that to the actual notion of harmless error, this looks nothing like what harmless error analysis has to be, right? The district court, I understand the district court looked at it. I see it more as like a step zero, you know, if a violation falls in the forest, does anybody hear it? So, yeah, but I think that the violation is I think you could put it that way if there were something where they put something in the jury room and it's in a lockbox, but the jury didn't have the key and never asked for it and we know it wasn't open. That's not this, right? The jury was given access to it. We know they at least asked for I think a cord to be able to access the computer. The government subsequently wiped the computer, so we can't know exactly what was looked at. And remember, harmless error is the government has the burden, it's their burden to prove beyond a reasonable, it's harmless beyond a reasonable doubt. Speculating about what the jury might have looked at is not that. And to go one further step, saying that there is no substantial issue as to its harmlessness based on that speculation. The district court said besides saying that it's unlikely the jury ever saw it was that even if they did see it, they wouldn't understand it without context, right? So one of the pieces of evidence was about the senator putting a hold on military sales to Egypt, which without context is actually exculpatory because it means he's not doing what Egypt wants, right? So it's the context of that piece of evidence that would make it reasonable. Well, I don't think that's right because I think that there's significance to both what the senator did at certain times. Did he change his practice? So saying that on one occasion it's evidence that he did put a hold on, that doesn't actually, like there's a reason that the government was arguing that this was critical evidence for them. And it did not actually require that, you know, I mean, this is pretty straightforwardly relevant evidence. I don't think it can be said and certainly not beyond a reasonable doubt that this is not, I mean, we're talking about the kinds of things here that really need to be resolved on a full appeal. And what the bail on appeal statute says is that if there are substantial issues, the defendant does have a right to have those resolved before serving time for things that may end up being based. Right. Okay. Thank you very much, Mr. Thank you. From the government, Mr. Monteleone. Good morning. May it please the court. My name is Paul Monteleone. I represented the government at trial and I represent the government on this appeal. I'm happy to obviously answer the court's questions about any aspect of this motion. But what I'd like to focus on is I want to touch briefly on the on the points about advice and consent. I'd like to respond on the laptop, but I want to get to the interrelationship between the counts in a way that I think didn't really come across in the paper. So briefly on advice and on advice and consent. It's not just the text, though, I think that we've we've set forth that it is pollutedly clear. It's not just sort of there's a debate. The uniform historical practice, not just the George Mason letter that Menendez initially cited before backing away from when we pointed out the ways in which it supports this. It's also the Senate historical office. That is to me a little bit. If you're in the place of like we're we're, you know, looking at historical evidence to answer this constitutional question. We're already a little bit in the debatable realm. Well, if the historical evidence. Say you're not saying here's the Supreme Court that the case that decides that here's the Second Circuit case that decides it. Here's all the cases in other circuits that decided here. We're already we're starting a point of question with examining historical documents. They point to some in law review articles and things like that has a in the context of different textual arguments about what could advice and consent mean and the like. It feels debating. Well, then perhaps it's where I started in the answer, because you do have the Supreme Court in the Edmund case, which we cite in our opposition, which indicates this is the holding of the Supreme Court. There is no dispute on this. The president's nomination power is exclusive. The Supreme Court cites with approval Hamilton sort of saying that the blame of a bad nomination will fall on the president singly and alone. Some some words to that effect. So it's really you got the text. You got the Supreme Court, not on exactly the Supreme Court on what happens to Bob Menendez in this case, but on a foundational point that I think really answers this. But even if there is a substantial question in light of in light of extremely clear text Supreme Court opinion on this point, and we would also argue unbroken historical record, there's still a question of what do you do with that? And counsel indicated two types of arguments. One is that it's structural. It's clearly not structural, which I'll come to in a moment. But the other is the idea that there's some type of factual interdependence with the way we presented this case. They're really trying to call our case a three-legged stool, which is really has nothing to do with the way that the case was presented to the jury. And there are, in fact, two different sets of counts that I think is very clear that this Court could find that there's no substantial issue with respect to either of those sets of counts. And then just assume everything else presents substantial issues, including the advice and consent. One of those sets of counts is the obstruction counts that you mentioned. But another of those sets of counts is counts 9 and 10, the substantive counts related to Menendez's attempts to influence a state criminal prosecution in exchange for a Mercedes-Benz, has nothing to do with any of these speech or debate clauses. It's subject only to this official acts challenge, which has been sort of largely abandoned, but in any case doesn't present any substantial question under Mangano. Mangano makes very clear that the jury instructions the district court gave are exactly what the court, Second Circuit, approved in Mangano. So this jury instruction claim, which they first waived by first raising their reply, that's knocked out. The facts, I think, of the district court's opinion make very clear no substantial issue with that. The only way that any of this can reach those counts, in addition to the obstruction counts, is the fact that there was a very brief limited reference in the government's summation, after going through extensive independent evidence on those counts alone, to the fact that other parts of the scheme, not specific evidence, not any reference to any of the evidence challenged here, but just that the other parts of the scheme were corroborative of the defendant's intent. But that type of limited cumulative reference in summation, the type of thing that this court finds again and again, is harmless beyond a reasonable doubt. If we say, well, there's a substantial question, just assume for purposes as you did in your presentation just then, that there's a substantial question on the laptop evidence, which was admittedly speech and debate, and the advice and consent, then it seems to me, if I were to look at whether there's a substantial question as to structural error, and I see the footnote maybe about DICTA and the Eleventh Circuit decision, but some language in Weaver for different buckets of what counts as structural error, then if I think that there's a substantial question with respect to structural error, do those two substantial questions get rid of the point that you're making about the distinction between the obstruction counts and the 9 and 10 and the bribery counts? Yes. If it was true structural error, then there wouldn't be any count, because it would be structural. And it is very, very clear that it is not structural error. In fact, the Fourth Circuit has actually confronted this very question. In the Dowdy case, they affirmed counts 6, 7, and 8 of that case, though there had been actual presentation of conceded legislative act to the jury. So the Fourth Circuit is wrong if it's structural error. The Supreme Court's statements in Johnson v. United States. Well, but I guess it depends. If you think the Eleventh Circuit is suggesting structural error and the Fourth Circuit doesn't say it's structural error, it's doing harmless error analysis, so it's impliedly not structural. If you think that those represent a split of authority, how do you think about whether it's a substantial question? Well, I don't think it's a split of authority, Your Honor, because as Judge Menasche pointed out, what the Eleventh Circuit did in Swindle was also not consistent with the possibility of structural error. What it seems to be doing in the text before the footnote is saying, well, the speech and debate material got to the grand jury, but it didn't lead to the indictment, and you don't have criminal liability attaching until you get to the indictment. And then it says, so we're not doing a harmless error analysis. It's something different. We're asking whether there's liability. If we were doing – there's no harmless error analysis if there's a speech and debate violation. We're asking whether there's a violation. Well, sure, but first of all, structural errors can go before the grand jury and then infect the later proceedings, right? Racial discrimination in the selection of the grand jurors is a structural error before the grand jury, which wipes out the later case. So, again, Swindle couldn't have been doing that. United States v. Williams, a decision of this court, also indicated that what goes on in the presentation of legislative act evidence before the grand jury, that's not structural error. So it would have to be this very narrow threading the needle of some way of it being structural error, but that's actually – I was going to say also in Johnson, the Supreme Court, like there was a claim based on a speech made in the Congress, right? And the Supreme Court says that's not allowed, but the other evidence about cajoling the executive branch is fine. Yes, that's right. Now, what happened in Johnson is that there they did find that factually there was prejudice. They said that the Fourth Circuit's assessment of the record that the admission of – that the admission of Representative Johnson's floor speech prejudiced those other counts as a factual matter. They said that's fine. We agree. We're not going to disturb that assessment of the record. But the majority and the dissent were unanimous that the rule was you look at the record, which you obviously don't have to do if it's structural error because the whole point of structural error is you don't look at the record. So we have the Supreme Court saying that that's the standard. You have Dowdy applying the standard and relying on the standard in its holding. And you also have the fact that there is no structural evidentiary error. The Weaver case reaffirms that the defining feature of a structural error is that it is not a discrete defect within the trial process, e.g., the erroneous admission of evidence or the erroneous delivery of a device containing some evidence into the jury room. That's a discrete defect. Structural error has to be something that infects the proceeding from beginning to end, right? At the beginning – Because this is an evidentiary privilege and we always consider whether erroneously admitted evidence is prejudicial, that fits harmless error standards. Exactly. You know, opposing counsel would say, well, this is not simply an evidentiary privilege. It's a structural separation of powers principle. And so for the judiciary to reach into the legislative branch and look into what it's doing and scrutinize it, that's a bigger problem than an evidentiary privilege. What's wrong with that argument? Well, the impact on separation of powers does not itself make an error structural. United States v. Lee reported at 833 F. 3rd 56 as a decision of this court in 2016 where they indicated that the role of an error affecting the grand jury, which is supposed to be, as we know from the Supreme Court's Williams case, a separate branch effectively of government, that that role as an independent check on the prosecution, that didn't create structural error. Public trial is a structural error, right? Yes, that's right. But if a portion of a trial is nonpublic, but not all of the trial, query what would happen. So I believe that when it is unpreserved at the time as here, I believe that portions of it are there. They use a different analysis. I think they actually call it triviality, where it is saying that it's structural, but it didn't go to the whole proceeding. It's kind of like the laptop. I mean, a little bit of a step zero, is it really a violation? But presumably once it's determined to be a violation, then structural error, even if it's not all of trial. For public trial violations, yes, those are structural errors. This would be the first recognized introduction of evidence type of error that would be structural. There's also in the Fifth Amendment context, in Arizona versus Fulminante, the introduction of coerced confessions. If we were to apply what seems to be at least what the 11th Circuit was suggesting, that the analysis should be whether the evidence was the basis for liability. Would that rule require a vacant or year? No, absolutely not. The evidence was in no way the basis for liability. Certainly on counts 9 and 10, nothing on the laptop. It wasn't the basis of anything. No one was trying to do anything based on some erroneous lack of redactions that no one knew was on the laptop. But it's evidence you wanted to admit that would help the case for liability, right? Sorry, are we talking about the laptop or the other? Yeah, I'm talking about the laptop. The evidence that was erroneously put on the laptop in front of the jury. Well, we had envisioned admitting it, admitting it in context with and explaining the context, both in terms of the nature of the factual presentation. And you argued in trying to get it in that it was critical and important evidence. It would have been if we had been able to put it together so that it made sense for the jury and build out the portions of the fact that it related to. But it absolutely, it wouldn't have not, it wasn't not just not critical, it was barely comprehensible in the form that it was. We're talking about things like a sort of poorly grammatical, you know, sort of typo-full terse text that's on pages 547 and 548 of a 636-page document where it's actually not clear who is saying it to who. So if it had just been admitted, then how would the analysis go? Well, then you would do a prejudice analysis and you'd determine whether its admission was harmless beyond a reasonable doubt. And if we had sort of, you know, done a whole lot of explanation and built a whole bunch of case around it, then we would be unlikely to show that it was harmless beyond a reasonable doubt. But something that was run into on the laptop, even if the jury saw it, which again, this court owes substantial weight to the district court's fact-bound conclusion that the jury never saw it. Even if the jury saw it, and then even if the jury understood it, and this court also owes substantial weight to the district court's fact-bound conclusion based on its familiarity with the trial record, this nine-week trial it presided with, that they would not have understood it. Even then, I think that as it would have been here, it would have been entirely cumulative with abundant properly admitted evidence. A third basis that the district court found, also which this court shows substantial weight as to. Menendez has not carried his burden of showing a substantial issue as to any of that. But even if he had, apart from this sort of becoming the first court to recognize some evidentiary error being structural, you still have counts nine and ten, which have nothing to do with this, apart from just the type of limited corroborative reference in the end of that section of a summation that this court has held, does not mean something is harmful. Actually, this court in the Lombardozzi case, which is reported at, I believe, 491 F. 3rd. 61, on pages 76 to 77, they dealt with a confrontation clause violation, which was referenced in a summation. But as here, before referencing briefly that confrontation clause violation, the prosecutor said, look at this other evidence. You should rely on that evidence. And we cited on page 22 of our motion where we did just that. And then sort of after that, the prosecutor got around to briefly mentioning that, said in context of all the other evidence, this court found it was harmless beyond a reasonable doubt. I could give you six other cases if you wanted me to do that on that. Can I ask you about the meeting at the hotel with the Egyptian official?  So, you know, the decision of a senator on the Foreign Relations Committee to put a holder to approve foreign military sales, that's a legislative act, right? The court found that it was for the purpose of this motion. For this motion, yes. But it tells me that that's a legislative act. You know, if a senator had met with an official of a foreign government to decide whether he was going to put a holder to approve foreign military sales, that would be legislative fact-finding in support of that decision, right? No, not necessarily. You know, in United States v. Williams, this court approved the introduction of evidence that a senator heard a request for an undoubted legislative act, which is a vote. You could characterize that as a form of information gathering. He's gathering the information that there's an individual who wants a particular legislative act. But this court found that is just the discussion of possible future legislative functions. And that's entirely consistent with the Myers case, where a similar such thing happened. It's also consistent... So you're doing something in exchange for a bribe. You're saying it just can't be legislative fact-finding, because otherwise, you know, soliciting the bribe would be legislative fact-finding, because that might motivate how you're going to do the official act. Is that your position? Well, I mean, I think that it's less that just sort of any involvement of criminality takes something that would be a legislative act and makes it not a legislative act. The issue is the legislative act is in the future, and that talking about whether someone wants... Well, legislative fact-finding is always in the future, and we know that legislative fact-finding can be a legislative act. Right, but finding out what action someone who wants to pay you money wants in exchange for the money is not that legislative fact-finding. It has never been held to be that form of legislative fact-finding. But in this case, Davies is present at the meeting with the Egyptian official, right? Well, there were meetings where Davies was not present. There's a series of meetings. I think while Hanna was present for more of the meetings with Egyptian officials, but the legislative fact-finding has never been applied to this, and the Dowdy case... What would be legislative fact-finding in a bribery case? So issuance of a subpoena. The conducting of an authorized subcommittee investigation. That's what was considered in the Dowdy case that Menendez cites. I would encourage you to read that case. There were sort of two sets of evidence. There's the authorized subcommittee investigation. That was legislative fact-finding. That's what the Fourth Circuit said can't be admitted. But then there's the conversations with the people who wanted that outcome, the people who wanted those legislative acts to be taken place. That is the first category of evidence, and the Fourth Circuit said, that's not a legislative act. That's also consistent with this Court's decisions in Williams and Myers, and it's also consistent... You have the evidence that it was all part of a bribery scheme, but if he was just voting on foreign military sales, and you introduced evidence of him meeting with an Egyptian official, and you invited the jury to say, well, he wasn't really doing it in good faith, that would be a problem with this future debate clause, right? Because that would look a lot like a legislative act. Well, I think it really depends on what the nature of the fact-finding was. I think that one of these meetings with Egyptian officials at Morton's Steakhouse, where his then-girlfriend is sort of asking the Egyptian officials, what else can the love of my life do for you? I think that that is not legislative fact-finding. We're talking about meetings that were... It does depend on the character of the meeting, and the Supreme Court has suggested that in Brewster and other cases. Exactly, and so what we put forward here is that what was going on is nothing that remotely resembles the legislative fact-finding that's ever been upheld. It is the request of what acts you want in exchange for bribes. But you did ask the jury to make that determination. Was he motivated by his independent judgment as to what's best for his country or constituents, what would benefit the United States, or was he taking these actions to... Right? There's a part of the summation portion of the quote here. Was he taking these actions for Egypt based on his own independent judgment of what would benefit the United States? That's the end of the quote. I have it went on beyond that. You're asking the jury to parse the motivation. Well, certainly Section 219 had an intent element and bribery had an intent element, and that related to the 219 intent element, but obviously we asked the jury to find that those intent elements were satisfied, but we didn't ask them to do it as a condition of saying that something else that would otherwise be a legislative act doesn't count. We put forth only evidence of things that have never been held to be legislative acts, and yes, we obviously did ask the jury to infer that his intent in engaging in that non-legislative conduct was criminal and corrupt intent. If we hadn't done that, he wouldn't be guilty. So, again, the issue is not that there's something that's a legislative act, something he's doing at a hearing that we say, no, no, no, that's poorly, improperly motivated. We never tried to do that. That obviously wouldn't be proper. What we're doing is we put forth evidence of only the types of things that fit squarely within what this court in the Williams case has held is just the discussion of possible future legislative functions. If you're taking meetings with a foreign official to distinguish as to whether it is legislative fact-finding or not, you do what? Well, I think that you look at whether this is actually, as all of the legislative fact-finding cases have shown, taken in a specific and authorized exercise of committee business. In the Biagi case, we're talking about committee-funded trips in advance of a scheduled hearing. In the Dowdy case, we're talking about a committee-authorized… Well, in Biagi, maybe it's a fine distinction, but it's a distinction. You can't inquire into what he did in the meetings with the Agency on Aging in Florida or whatever, but you can inquire into other possible motivations for the trip. Yes, and so… Even though he might characterize it as a legislative fact-finding trip, you can't introduce evidence about why he was doing it, as long as you don't go into something that is obviously legislative. Right, that's exactly right. The defense conclusion, characterization of what he is doing as legislative cannot be controlling when we're not talking about the use of a committee power, a sort of authorized and funded delegation of committee authority, that type of thing. There, the conclusion can be controlling, perhaps, but not in a situation where you're just meeting with someone that you could be thinking about legislation or you could not be. The idea that that type of discussion… But the anomalous thing is that if you're doing something that's obviously legislative, like you're taking a vote or making a speech on the floor, you can't really inquire into the motives for it or the nature of it, whereas something like legislative fact-finding is a meeting that you have in advance of the main legislative act. And, I mean, I think this is probably consistent with what Supreme Court has said, but it is a little awkward. You do inquire into why it was done and what the nature of the exchange was, right? Well, I think that that's correct, but… Senator Menendez really was having a meeting with the Egyptian official about what does Egypt want in its priorities, and he was evaluating that in light of the U.S. foreign policy priorities. That would be… I mean, it wouldn't itself be a legislative act, but it would, like, carry with the actual vote he had to take, right? Well, so that, I think, actually is… You're getting at why there is a distinction. The legislative act is speech or debate on any floor of either house is the constitutional text, which has been, under a functional approach, expanded to other things that are actual formal committee business where the committee power is being exercised. Those are the legislative acts. Things that are not legislative acts that sort of lead up to it, if they're necessarily incident to the legislative act because they actually are a specific and authorized function, then they could get that extra protection, but you have to look to see whether that's actually happening here. But, again, you could find that there were substantial questions on all of these, and they would still just not touch both the New Jersey Attorney General corruption conduct, Counts 9 and 10. They would also not touch the obstruction of justice conduct, Counts 17 and 18. The only connection is the type of glancing reference at the end of a summation that this court has plainly held is harmless and has never been held structurally wrong. And then we have that argument. Thank you very much, Mr. Monteleone. The motion is submitted.